IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SELINA MARIE RAMIREZ et al.,** § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 4:20-cv-00007-P |
| § | |
| **CITY OF ARLINGTON et al.,** § § | |
| Defendants. § | |

# ORDER

Before the Court is Defendant Ebony N. Jefferson's Motion to Dismiss (ECF No. 21), Defendant City of Arlington's Motion to Dismiss (ECF No. 23), Defendant Jeremias Guardarrama's Motion to Dismiss (ECF No. 25), Plaintiffs Selina Marie Ramirez and Gabriel Anthony Olivas's Response (ECF No. 29), Guardarrama's Reply (ECF No. 30), Jefferson's Reply (ECF No. 31), and Arlington's Reply (ECF No. 32). Having considered the motions and briefing, the Court finds that Defendants' Motions to Dismiss should be and hereby are **DENIED**.

A motion under Federal Rule Civil Procedure 12(b)(6) is certainly a poor vehicle for resolving claims of qualified immunity. *See Thomas v. City of Desoto*, No. 3:02-CV-0480-H, 2002 WL 1477392, at *1 n.1 (N.D. Tex. July 8, 2002) (accepting recommendation of Mag. J.). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal." *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) (cited with approval in *Thomas*). For many cases, it is difficult to disagree with the sentiment that "summary judgment is the right way to handle claims of immunity."

*Jacobs*, 215 F.3d at 775 (Easterbrook, J., concurring). Courts have discretion to dismiss Rule 12(b)(6) motions without prejudice to the defendant asserting the defense in a later motion filed pursuant to Fed. R. Civ. P. 12(c) or 56. *Randall v. Lockwood*, 666 Fed. App'x 333, 337 n.6 (5th Cir. 2016) (per curiam). The Court's discretion to defer ruling on qualified immunity when "further factual development is necessary" is a "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible." *Id.*

The Court finds that more factual evidence is needed to make a determination on defendants' qualified immunity defenses. Accordingly, Jefferson's Motion to Dismiss (ECF No. 21), Arlington's Motion to Dismiss (ECF No. 23), and Guadarrama's Motion to Dismiss (ECF No. 25) are hereby **DENIED** without prejudice as to defendants raising this defense in a later motion.

**SO ORDERED** on this **7th day** of **January, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE