UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISON
CIVIL ACTION NO. 4:20-CV-00007-P

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, Individually and as Independent Administrator of, and on behalf of, the ESTATE OF GABRIEL EDUARDO OLIVAS and the heirs-at-law of GABRIEL EDUARDO OLIVAS, and as Parent, guardian, and next friend of and For female minor S.M.O.; and GABRIEL ANTHONY OLIVAS, individually, <br><br>　　　　　　Plaintiffs, <br><br> v. <br><br> CITY OF ARLINGTON, TEXAS, JEREMIAS GUADARRAMA, and EBONY N. JEFFERSON, <br><br>　　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § | *NOTICE OF APPEAL* |

## DEFENDANTS JEFFERSON'S AND GUADARRAMA'S JOINT NOTICE OF APPEAL

Notice is hereby given that Defendants Ebony Jefferson and Jeremias Guadarrama ("Defendants"), in the above named case hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Order (hereinafter, "Order") entered in this action on January 7, 2020 (Doc. 40), denying Defendant Ebony N. Jefferson's Motion to Dismiss First Amended Plaintiffs' Original Complaint and Brief in Support and Defendant Guadarrama's Renewed Motion to Dismiss, and Brief (collectively, the "Motions to Dismiss") (Doc. 21 and 25); and from the Scheduling Order entered January 7, 2020 (Doc. 41).

Because the Order (Doc. 40) denied the Defendants' Motions to Dismiss based upon qualified immunity, it is an order subject to immediate review. *See Mitchell v. Forsyth*, 427 U.S. 511, 530, 105 S. Ct 2806, 86 L.ED. 2d 411 (1985). Likewise, the Scheduling Order (Doc. 41)

does not order limited discovery that recognizes Defendants' qualified immunity defense protections. *See Patel v. Tex. Tech Univ.*, 727 Fed. Appx. 94 (5th Cir. 2018). Such decisions are appealable "final decisions" within the meaning of 28 U.S.C. § 1291. *See Ashcroft v. Iqbal,* 556 U.S. 662, 671-72 (2009); *Behrens v. Pelletier*, 516 U.S. 299, 305, 307, 311 (1996) (quoting *Mitchell,* 472 U.S. at 530, and quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949)); *Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982); *Atteberry v. Nocona General Hospital*, 430 F.3d 245, 251-52 (5th Cir. 2005).

The Defendants are entitled to an interlocutory appeal to review the purely legal question of whether the First Amended Plaintiffs' Original Complaint (Doc. 19) pleaded "enough facts to state a claim to relief that it is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The first issue on the interlocutory appeal, then, will be whether the Plaintiffs stated a legally cognizable claim that is plausible in light of the Defendants' qualified immunity. *See Burnside v. Kaelin*. 773 F.3d 624 (5th Cir. 2014) (considering interlocutory appeal from the denial of qualified immunity at the motion to dismiss stage). "A district court's denial of a defense of qualified immunity is immediately appealable and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant." *Carty v. Rodriguez,* 211 Fed. Appx. 292, 293 (5th Cir. 2006). *See also Patel v. Tex. Tech Univ*., 727 Fed. Appx. 94 (5th Cir. 2018). Because there are no pending claims against the Defendants that are not subject to the defense of qualified immunity asserted by the Defendants in their respective motions to dismiss, the district court is divested of jurisdiction over Plaintiffs' claims against the Defendants pending the

interlocutory appeal.

The second issue on the interlocutory appeal relates to the district court's entry of a scheduling order which failed to limit or narrow discovery, as a preliminary matter, to those issues which bear upon the Defendants' qualified immunity defenses. It is well established that Defendants' qualified immunity defenses are not simply immunity from liability, but immunity from suit. *See Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987). As such, the district court's Scheduling Order fails to narrowly tailor discovery to those facts needed to rule on the immunity claim. *Id*.

Respectfully Submitted,

By:  */s/ Scott D. Levine*
Scott D. Levine
State Bar No. 00784467
sdl@banowsky.com
Baxter W. Banowsky
State Bar No. 00783593
bwb@banowsky.com
**BANOWSKY & LEVINE, P.C.**
12801 N. Central Expressway, Suite 1700
Dallas, Texas 75243
Telephone: (214) 871-1300
Facsimile: (214) 871-0038
**ATTORNEYS FOR DEFENDANT
EBONY JEFFERSON**

By: /s/ *Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net
Michael L. Martin
State Bar No. 24108956
mmartin@bhlaw.net
**BROWN & HOFMEISTER, L.L.P**.
740 East Campbell Road, Suite 800
Richardson, Texas  75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)
**ATTORNEYS FOR DEFENDANT
JEREMIAS GUADARRAMA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's ECF system contemporaneously with its filing.

/s/ Scott D. Levine
Scott D. Levine