IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-00007-P |
| | § | |
| CITY OF ARLINGTON, TEXAS, et al., | § | |
|     Defendants. | § | |

---

**DEFENDANT CITY OF ARLINGTON'S ANSWER TO
FIRST AMENDED PLAINTIFFS' ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE PITTMAN,
UNITED STATES DISTRICT JUDGE:

    Now comes Defendant City of Arlington, Texas ("Arlington") and, in response to First Amended Plaintiffs' Original Complaint (Doc. 19, filed 08/07/19) ("the Complaint), shows:

## I. ARLINGTON'S ANSWER

    Plaintiffs include an introductory paragraph, which is unnumbered and on the first page of the Complaint along with a photograph. Arlington denies the allegations set forth on the first page of the Complaint. Additionally, Plaintiffs include a table of contents and headings, on pages 2 and 3 of the Complaint. Arlington does not believe that the table of contents or headings contain any allegations that give rise to an obligation on the part of Arlington to admit or denies such allegations. To the extent that the table of contents or headings contain any such allegations, they are denied.

    Plaintiffs remaining allegations are answered in the order that Plaintiffs have stated the allegations and identified as stated and numbered by Plaintiffs.

I.      Plaintiffs' Introductory Allegations

        A.   Parties

1.      Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the allegations contained in Paragraph 1 of the Complaint.

2.      Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies the allegations contained in Paragraph 2 of the Complaint.

3.      Arlington admits that it is an incorporated municipality in the state of Texas. Arlington admits that it has been served and has appeared in this case.  Arlington denies all other allegations in this paragraph.  Arlington further states that the final sentence of paragraph 3 is incomprehensible; Arlington does not understand what plaintiffs are attempting to allege.

4.       Arlington admits that Defendant Guadarrama is a natural person and that he has made an appearance in this case.  Arlington admits that Defendant Guadarrama was formerly a police officer employed by Arlington.  Arlington admits that, on or about July 10, 2017, in connection with the incident which forms the basis of the Plaintiffs' complaints, Defendant Guadarrama was acting under the color of law in the course and scope of his duties as an employee and law enforcement officer for Arlington.  Arlington denies any and all remaining assertions contained in Paragraph 4 of the Complaint. Arlington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and therefore denies the allegations contained in Paragraph 4 of the Complaint.  Arlington further states that the

final sentence of paragraph 4 is incomprehensible; Arlington does not understand what plaintiffs are attempting to allege.

5.     Arlington admits that Defendant Jefferson is a police officer employed by the City of Arlington and that he has made an appearance in this case.   Arlington admits that, on or about July 10, 2017, in connection with the incident which forms the basis of the Plaintiffs' complaints, Defendant Jefferson was acting under the color of law in course and scope of his duties as an employee and law enforcement officer for Arlington. Arlington denies any and all remaining assertions contained in Paragraph 5 of the Complaint.    Arlington further states that the final sentence of paragraph 5 is incomprehensible; Arlington does not understand what plaintiffs are attempting to allege.

B.     Jurisdiction and Venue

6.     Arlington admits that this Court has subject matter jurisdiction over this lawsuit. Arlington denies any and all remaining assertions contained in Paragraph 6 of the Complaint.

7.     Arlington admits that this Court has personal jurisdiction over Arlington. Arlington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies the allegations contained in Paragraph 7 of the Complaint.

8.     Arlington admits that venue is proper in the Northern District of Texas. Defendant denies any and all remaining assertions contained in Paragraph 8 of the Complaint.

II.     Factual Allegations

        A.     Introduction

Arlington's Answer to First Amended Plaintiffs' Original Complaint                          3

9.     Arlington  does not believe that Paragraph 9 of the Complaint contains any allegations that give rise to an obligation on the part of Arlington to admit or deny such allegations.  To the extent that Paragraph 9 does contain any such allegations, they are denied.

B.     Gabriel Eduardo Olivas

10.    Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.    Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies the allegations contained in Paragraph 11 of the Complaint.

C.     Officer Guadarrama and Officer Jefferson Unreasonably Tase Mr. Olivas, Causing Him to Catch Fire, Suffer Horrific Burns, Linger, and Die

To the extent that the above header constitutes allegations, Arlington denies the allegations.

12.    Arlington admits that on July 10, 2017, Mr. Olivas was at home and told family members that he would kill himself.  Arlington expressly denies the sentence contained in Paragraph 12 of the Complaint which states that the Mr. Olivas "did not threaten to harm his wife, his son, or anyone else in his home."   Arlington further denies the sentence which states, "Instead, Defendant police officers arrived at his home, Tased Mr. Olivas (knowing he was drenched with gasoline), and caused Mr. Olivas to catch fire and die after lingering in excruciating pain for days."  Arlington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 12 of the Complaint and therefore denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Arlington admits that Mr. Olivas threatened to harm himself and others in the home.  Arlington admits that, to the extent that Officer Pierce provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 13 of the Complaint.

         1.      Statements

14.     Arlington admits that various Arlington police officers provided statements following the incident at 1605 Carla Avenue.  Arlington denies any and all remaining allegations contained in Paragraph 14 of the Complaint.

         A.      Officer Scott (#2835)

15.     Arlington admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 15 of the Complaint.

16.     Arlington admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or

statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 16 of the Complaint.

17. Arlington admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 17 of the Complaint.

18. Arlington admits that, to the extent that Officer Scott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 18 of the Complaint.

B. Corporal Ray (#2573)

19. Arlington admits that, to the extent that Corporal Ray provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 19 of the Complaint.

C. Officer Jeremias Guadarrama (#2514)

20.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 20 of the Complaint.

21.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 21 of the Complaint.

22.      Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 22 of the Complaint.

23.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and

incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 23 of the Complaint.

24.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 24 of the Complaint.

25.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 25 of the Complaint.

26.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 26 of the Complaint.

27.     Arlington denies the allegations contained in Paragraph 27 of the Complaint.

28.     Arlington admits that, to the extent that Officer Guadarrama provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.

However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 28 of the Complaint.

29. Arlington lacks information or knowledge to form a belief as to the truth of the allegation "neither Mr. Olivas' wife or son were injured or burned as a result of the Tasing and resulting fire." Arlington denies any and all remaining allegations in Paragraph 29 of the Complaint.

### D.    Sergeant Ebony N. Jefferson (#2116)

30. Arlington admits that Sergeant Jefferson signed a statement on July 14, 2017. Arlington further admits that the statement stated that he was working as an Operational Sergeant in the East District of the City of Arlington. Arlington further admits that dispatch stated that there was a person who was suicidal and had poured gasoline on himself and in a room. Arlington further admits that Sergeant Jefferson was not far from the location, so Sergeant Jefferson had dispatch show him enroute to the call. Arlington denies any and all remaining allegations contained in Paragraph 30 of the Complaint.

31. Arlington admits the allegations contained in Paragraph 31 of the Complaint.

32. Arlington admits that Sergeant Jefferson saw Officers Elliott and Guadarrama run towards the front door at 1605 Carla Avenue. Arlington further admits that Sergeant Jefferson ran to and joined the other officers at the door. Arlington denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

33. Arlington admits that Defendant Jefferson saw Officer Guadarrama with his duty weapon drawn and told Officer Elliott to draw "less lethal," or his taser. Arlington

admits that Sergeant Jefferson drew his taser as a second less lethal option.  Arlington denies any and all remaining allegations in Paragraph 33 of the Complaint.

34.     Arlington admits that Sergeant Jefferson wrote in his statement that, "[a]s the sergeant I wanted to be able to immediately address whatever threat we were about to encounter."  Arlington admits that Officer Guadarrama entered the residence, followed by Officer Elliott, followed by Sergeant Jefferson.  Arlington admits that as the officers entered the residence, Sergeant Jefferson continued to hear screaming, crying and yelling coming from a room located down a hallway on the east end of the house from the main door.  Arlington admits that when Sergeant Jefferson  entered the room, he saw several people in the southwest corner of the room and could smell gas.  Arlington admits that Sergeant Jefferson holstered his taser and attempted to remove several individuals from the room.  Arlington denies any and all remaining allegations in Paragraph 34 of the Complaint.

35.     Arlington admits that Sergeant Jefferson signed a statement in which he wrote, "I un-holstered my taser, turned it on and pointed it at the suspect.  I then hear a taser discharge from my right where Officer Guadarrama was standing.  The suicidal suspect immediately catches on fire and I became startled by the flames and moved away from them.  I believe during that time that Officer Guadarrama had discharged his taser and me becoming startled and moving away from the flames that I unintentionally discharged my taser at the suicidal suspect."  Arlington denies any and all remaining allegations in Paragraph 35 of the Complaint.

<u>E.     Officer Caleb Elliott (#3007)</u>

36.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 36 of the Complaint.

37.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 37 of the Complaint.

38.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 38 of the Complaint.

39.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and

incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 39 of the Complaint.

40.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 40 of the Complaint.

41.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 41 of the Complaint.

42.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 42 of the Complaint.

43.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or

statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 43 of the Complaint.

44.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 44 of the Complaint.

45.     Arlington  admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 45 of the Complaint.

46.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 46 of the Complaint.

47.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.

However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 47 of the Complaint.

48.     Arlington admits that Sergeant Jefferson had been employed by the City of Arlington as a police officer for over fourteen (14) years. Arlington further admits that that Officer Elliott had been with the department for approximately one (1) year and Officer Guadarrama had been with the department for over nine (9) years. Arlington denies any and all remaining allegations in Paragraph 48 of the Complaint.

49.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 49 of the Complaint.

50.     Arlington denies any and all remaining allegations in Paragraph 50 of the Complaint.

51.     Arlington denies the allegations in Paragraph 51 of the Complaint.

52.     Arlington denies the allegations in Paragraph 52 of the Complaint.

53.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement. Arlington therefore objects to the argumentative characterizations and

incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 53 of the Complaint.

54.     Arlington admits that, to the extent that Officer Elliott provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 54 of the Complaint.

> 2.     Mr. Olivas' Medical Condition at The Scene

55.     Arlington admits that an AMR ambulance responded to the scene.   Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore denies the allegations contained in Paragraph 55 of the Complaint.

56.     Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore denies the allegations contained in Paragraph 56 of the Complaint.

57.     Arlington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore denies the allegations contained in Paragraph 57 of the Complaint.

> 3.     Autopsy

58.     To the extent that Plaintiffs are referring to the findings in a written autopsy report, the report speaks for itself.   However, Plaintiffs did not attach or incorporate, verbatim, the purported report.   Arlington lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore denies the allegations contained in Paragraph 58 of the Complaint. Arlington expressly denies that a medical examiner would be able to tell what caused the fire.

        D.      <u>Death Investigation</u>

            1.      <u>Taser Analysis by Axon Enterprise, Inc. (F/K/A Taser International, Inc.)</u>

59.     To the extent that Plaintiffs are referring to the findings in a written report, the report speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported report.

60.     To the extent that Plaintiffs are referring to the findings in a written report, the report speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported report.

61.     To the extent that Plaintiffs are referring to the findings in a written report, the report speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported report.

62.     To the extent that Plaintiffs are referring to the findings in a written report, the report speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported report.

63.     To the extent that Plaintiffs are referring to the findings in a written report, the report speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the purported report.

            2.      <u>Scene Investigations</u>

64.     Arlington admits that, to the extent that Officer Ozuna provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 64 of the Complaint.

65.     Arlington admits that, to the extent that Fire Investigator Alcantar provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself.   However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 65 of the Complaint.

66.     Arlington admits that, to the extent that Officer Ozuna provided a narrative or statement, the narrative or statement, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or statement.    Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such narrative or statement and denies any and all remaining allegations in Paragraph 66 of the Complaint.

### 3.     Arlington Police Department Homicide Unit

67.     Arlington admits that, that Detective Gildon conducted an investigation and prepared a 37 (not 137) page report.  Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the purported narrative or

statement.   Arlington denies that all of the information contained in this section of Plaintiffs Complaint came from Detective Gildon's report.

68.    Arlington admits that Sergeant Jefferson, Officer Guadarrama, and Officer Elliot met with an attorney from CLEAT. Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself. However, Plaintiffs did not attach or incorporate, verbatim, the report.   Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 68 of the Complaint.

69.    Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 69 of the Complaint.

70.    Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 68 of the Complaint.

71.    Arlington admits that there was a strong odor of gasoline throughout the residence and admits that Officer Elliott did not his taser.  Arlington denies any and all remaining allegations contained in Paragraph 71 of the Complaint.

72.     Arlington admits that it did not terminate Sergeant Jefferson and that it did not seek prosecution of Sergeant Jefferson.   Arlington denies any and all remaining allegations contained in Paragraph 72 of the Complaint.

73.     Arlington admits that Mr. Olivas and other items in the room caught fire. Defendant denies any and all remaining allegations contained in Paragraph 73 of the Complaint.

74.     Arlington admits that to the extent that Officer Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 74 of the Complaint.

75.     Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 75 of the Complaint.

76.     Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 76 of the Complaint.

77.     Arlington admits that Sergeant Jefferson, Officer Guadarrama, and Officer Elliot had all completed electronic control weapon (Taser) in 2017 and that all three officers

were certified and approved to carry and operate Tasers as of July 10, 2017. Arlington denies that the actual cited dates of training are accurate.

78.     Arlington admits that Sergeant Jefferson was interviewed on, or about July 12, 2017, by Detective Gildon at the Arlington Police Department. Arlington further admits that Ms. Daffron, Sergeant Jones, and Detective Griesbach were present.

79.     Arlington admits that, prior to the officers entering the house, Sergeant Jefferson instructed Officer Elliott to draw less lethal and further admits that, at some point inside the residence, Sergeant Jefferson could smell an odor of what appeared to be gasoline.

80.     Arlington admits that Sergeant Jefferson re-holstered is Taser so that he could attempt to remove the other occupants from the room where the suspect had staged himself. Arlington further admits that Sergeant Jefferson later pulled his taser back out of the holster, but did not recall and did not believe at the time that he had fired his taser at Mr. Olivas. Arlington further admits that Sergeant Jefferson was not terminated and was not prosecuted for allegedly making false statements. Arlington admits that to the extent that Detective Gildon provided a report or recorded interview, the report in its complete and final form or the interview speak for themselves. However, Plaintiffs did not attach or incorporate, verbatim, the report. Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 68 of the Complaint.

81.     . Arlington admits that to the extent that Detective Gildon provided a report or recorded interview, the report in its complete and final form or the interview speak for themselves. However, Plaintiffs did not attach or incorporate, verbatim, the report. Arlington therefore objects to the argumentative characterizations and incomplete

portrayal of such report and denies any and all remaining allegations in Paragraph 81 of the Complaint.

82.     Arlington admits that to the extent that Detective Gildon provided a report, the report, in its complete and final form, speaks for itself.  However, Plaintiffs did not attach or incorporate, verbatim, the report.  Arlington therefore objects to the argumentative characterizations and incomplete portrayal of such report and denies any and all remaining allegations in Paragraph 82 of the Complaint.  Arlington expressly denies that it was certain that Mr. Olivas would catch on fire if tased.  Arlington further denies that tasing Mr. Olivas would be patently unreasonable given the totality of the circumstances.

    E.      Defendant Officers' Experience and Training

        1.      2017 Taser Training

83.     Arlington admits that Officer Guadarrama completed the 2017 Annual ECW update training before July 10, 2017.  Arlington denies that Sergeant Jefferson completed the 2017 Annual ECW update training before July 10, 2017.  As of the filing of this Answer, Arlington is in the process of determining the precise date that Officer Elliot took the training.  Arlington admits that its annual update Taser training was not for TCOLE credit and that the officers received APD credit only.  Arlington denies that its Taser training did not meet the necessary standards.  Arlington further denies that there is any requirement that all training be for purposes of TCOLE credit.

84.     Arlington admits that the slide referenced in Paragraph 84 is a true and accurate depiction of the slide utilized in the 2017 training seminar titled "APD Annual ECW Update Training 2017".  Arlington does not have specific knowledge of what the officers

"already knew" regarding Taser training.  Arlington denies all remaining allegations in paragraph 84.

85.      Arlington admits that its slide on flammability used during the annual training did not provide an absolute prohibition of the use of a Taser for every conceivable situation where flammables are present.  Rather, the use of force has to be evaluated based on the totality of the situation facing the officers.   Arlington expressly denies that any Arlington policy was a "moving force behind, caused, and was the proximate cause of Mr. Olivas' injuries, damages, and death."   Rather, Mr. Olivas's own conduct and his threats and conduct putting others in harms way was the cause of his injuries.  Arlington denies all remaining allegations in paragraph 85.

### 2.      Texas Commission of Law Enforcement Records

86.      Arlington admits that TCOLE keeps training records.  Arlington denies any and all remaining allegations contained in Paragraph 86 of the Complaint.

87.      The Arlington City Attorney's Office is in the process of retrieving the relevant TCOLE records and can neither admit nor deny the allegations in paragraph 87 at this time.

88.      The Arlington City Attorney's Office is in the process of retrieving the relevant TCOLE records and can neither admit nor deny the allegations regarding specific training in paragraph 88 at this time.  Arlington denies all remaining allegations of paragraph 88.

89.      Arlington admits the allegations in paragraph 89.

90.      Arlington admits the allegations in paragraph 90 that identify specific courses taken by Officer Guadarrama.  Arlington denies all remaining allegations of paragraph 90.

91.     Arlington admits the allegations of paragraph 91.

92.     Arlington admits the allegations in paragraph 92 that identify specific courses taken by Sergeant Jefferson.  Arlington denies all remaining allegations of paragraph 92.

> F.     Defendant Police Officers Acted in an Unreasonable, Unconstitutional Manner

93.     Arlington denies the allegations contained in Paragraph 93 of the Complaint.

94.     Arlington denies the allegations contained in Paragraph 94 of the Complaint.

95.     Arlington denies the allegations contained in Paragraph 95 of the Complaint.

> G.     City of Arlington's *Monell* Liability

96.     Arlington denies the allegations contained in Paragraph 96 of the Complaint.

> 1.     City of Arlington's Policy Regarding Escalation In Force Was A Moving Force Behind And Proximately Caused Mr. Olivas' Death

To the extent that the above header constitutes an allegation, Arlington denies the allegation.

97.     Arlington denies that the policy is stated accurately.  Critically, the omitted sentence provides: "Where the circumstances permit, it is an employee's responsibility to first exhaust every reasonable means of employing the minimum amount of force, including the police employee's physical presences and verbal skills, before escalating to a more severe application of force."  The alleged version omits an introductory sentence.  On the first bullet point "Officer" is "Employee".  On the seventh and ninth bullet point, the term "(Officer only)" is not present.

98.     As noted with regards to paragraph 97, Plaintiffs omitted a critical introductory sentence of the policy.  Arlington denies that Plaintiffs characterization of the policy is

accurate.   Because Plaintiffs have mischaracterized Arlington's policy and omitted critical language, Arlington denies paragraph 98.

99.     Arlington denies the allegations contained in Paragraph 99 of the Complaint.

100.    Arlington denies the allegations contained in Paragraph 100 of the Complaint.

101.    Arlington denies the allegations contained in Paragraph 101 of the Complaint. Any redactions made were in accordance with the Public Information Act.

> 2.     <u>City of Arlington's Policy, Practice, and/or Custom Of Allowing Officers To Use A Taser Against A Person Doused With Gasoline Was A Moving Force Behind And Proximately Caused Mr. Olivas' Death</u>

To the extent that the above header constitutes an allegation, Arlington denies the allegation.

102.    Arlington admits that its policy did not provide an absolute ban on the use of tasers in the presence of flammables.   Rather, the decision of whether to use a Taser would consider the totality of the situation facing the officer.   Arlington denies all remaining allegations of paragraph 102.

> 3.     <u>City of Arlington's Policy, Practice, and/or Custom Of Continuing To Employ Officer Guadarrama After Numerous Reprimands Was A Moving Force Behind And Proximately Caused Mr. Olivas' Death</u>

To the extent that the above header constitutes an allegation, Arlington denies the allegation.

103.    Arlington denies the allegations contained in paragraph 103 of the Complaint.

> 4.     <u>City of Arlington's Failure To Discipline Sergeant Jefferson and/or Officer Guadarrama Is Evidence Of Arlington's Pre-Existing Unconstitutional Policy, Practice, and/or Custom</u>

To the extent that the above header constitutes an allegation, Arlington denies the allegation.

104.    Arlington denies the allegations contained in paragraph 104 of the Complaint.

III. Causes of Action

      A.    Causes Of Action Against Defendants Sergeant Jefferson And Officer Guadarrama And Under 42 U.S.C. § 1983 For Violation Of 4th Amendment Rights

105.    Arlington denies the allegations contained in Paragraph 105 of the Complaint.

106.    Arlington denies the allegations contained in Paragraph 106 of the Complaint.

107.    Arlington denies the allegations contained in Paragraph 107 of the Complaint.

108.    Arlington denies the allegations contained in Paragraph 108 of the Complaint.

      B.    Causes Of Action Against City Of Arlington Under 42 U.S.C. § 1983 For Violation Of 4th Amendment Rights

109.    Arlington denies the allegations contained in Paragraph 109 of the Complaint.

110.    Arlington denies the allegations contained in Paragraph 110 of the Complaint.

111.    Arlington denies the allegations contained in Paragraph 111 of the Complaint.

112.    Arlington denies the allegations contained in Paragraph 112 of the Complaint.

113.    Arlington denies the allegations contained in Paragraph 113 of the Complaint.

IV.    Concluding Allegations

      A.    Conditions Precedent

114.    Arlington denies the allegations contained in Paragraph 114 of the Complaint. Plaintiff does not identify any conditions precedent.   Arlington does not know what Plaintiffs are attempting to refer to.

      B.    Use of Documents

115.     Arlington does not believe that Paragraph 115 of the Complaint contains any allegations that give rise to an obligation on the part of Arlington to admit or denies such allegations.  To the extent that Paragraph 115 does contain any such allegations, they are denied.   Plaintiffs do not identify any specific documents; thus, Arlington has no knowledge of what document Plaintiffs refer to, if any.

C.     Jury Demand

116.     Arlington does not believe that Paragraph 116 of the Complaint contains any allegations that give rise to an obligation on the part of Arlington to admit or denies such allegations.  To the extent that Paragraph 116 does contain any such allegations, they are denied.

D.     Prayer

117.     Arlington denies the allegations contained in Paragraph 117 of the Complaint and denies that Plaintiffs are entitled to any of the relief which they seek by virtue of this lawsuit.

## II. ARLINGTON'S AFFIRMATIVE DEFENSES

1.     Given the tense and dangerous situation created by Mr. Olivas and faced by the Arlington police officers, no violation of Mr. Olivas's constitutional rights occurred.

2.     Arlington affirmatively pleads that Plaintiffs have failed to adequately allege and are unable to identify or prove any policy, practice, or custom that was the moving force behind any alleged violation of Mr. Olivas' constitutional or statutory rights.  All claims against Arlington fail under the standards established in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

3.      Plaintiff cannot establish that Arlington acted with deliberate indifference with regards to its police officer training program.

4.      Arlington affirmatively denies that Plaintiffs' claims have any basis in law or fact.

5.      Arlington affirmatively pleads that it cannot be liable to Plaintiffs because the acts or omissions complained of by Plaintiffs were not proximately caused by any constitutionally defective policy, practice, or custom of Arlington.

6.      Arlington affirmatively asserts that Plaintiffs' damages, if any, were proximately caused, solely or partially, by the acts or omissions of third parties over whom Arlington had no actual control.

7.      Arlington affirmatively asserts that Plaintiffs' damages, if any, were proximately caused, solely or partially, by Plaintiffs' own actions.

8.      Plaintiffs have failed to state a claim upon which relief may be granted.

9.      Plaintiffs' claims are barred by a legal intervening cause.

### III. CONCLUSION

FOR THESE REASONS, Arlington requests the Court order that Plaintiffs take nothing by reason of this action, award Arlington its costs, as well as any further relief to which Arlington may be justly entitled.

Respectfully submitted,


/s/ Robert Fugate

Robert Fugate
Texas Bar No. 00793099
robert.fugate@arlingtontx.gov
Cynthia Withers
Texas Bar No. 00791839
cynthia.withers@arlingtontx.gov

City of Arlington
City Attorney's Office
Mail Stop #63-0300
P.O. Box 90231
Arlington, Texas  76004-3231
Telephone (817) 459-6878
Facsimile (817) 459-6897

ATTORNEYS FOR DEFENDANT
CITY OF ARLINGTON, TEXAS