IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SELINA MARIE RAMIREZ et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00007-P |
| § | |
| **CITY OF ARLINGTON et al.,** § | |
| § | |
| **Defendants.** § | |

## INDICATIVE RULING

Before the Court is Defendants Jeremias Guadarrama's and Ebony Jefferson's (Defendant Officers) Motion for Reconsideration (ECF No. 48) and Plaintiffs Selina Ramirez's and Gabriel Olivas's Response (ECF No. 49). Because Defendant Officers have already filed their notice of appeal of the Court's order denying their motions to dismiss based on qualified immunity, the Court no longer has jurisdiction over the motions to dismiss or the scheduling matters for which Defendant Officers seek reconsideration. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Accordingly, the Court issues this indicative ruling under Federal Rule of Civil Procedure 62.1.

After reviewing the Defendants' motions to dismiss and the scheduling order issued by the Court, Defendants' Motion for Reconsideration would be **GRANTED** as to the scheduling order and **DENIED** as to the Defendant Officers' motions to dismiss.

## BIFURCATED SCHEDULING ORDER

After reviewing the Parties' proposed scheduling order (ECF No. 35) and applicable case law, the Court finds that Plaintiffs' Motion for Reconsideration as to the scheduling order should be **GRANTED.** If the Court still had jurisdiction, it would issue the following bifurcated scheduling order:

| | |
|---|---|
| Deadline to join other or amend pleadings | 75 days after 5th Circuit returns the case |
| **Stage I Discovery begins** **(limited to qualified immunity (QI) issues)** | 45 days after 5th Circuit returns the case (to last for 180 days) |
| Fed. R. Civ. P. 26 Disclosures | 50 days after 5th Circuit returns the case |
| Plaintiffs' QI Expert Designation | 100 days after 5th Circuit returns the case |
| Defendants' QI Expert Designation | 130 days after 5th Circuit returns the case |
| Plaintiffs' Rebuttal QI Expert Designation | 160 days after 5th Circuit returns the case |
| QI Dispositive Motions | 30 days after Stage I Discovery ends |
| **Stage II Discovery** **(remaining non-QI issues)** | 45 days after QI Dispositive Motions ruled on (to last for 180 days) |
| Plaintiffs' Non-QI Expert Designation | 90 days after Stage II discovery begins |
| Defendants' Non-QI Expert Designation | 120 days after Stage II discovery begins |
| Plaintiffs' Rebuttal Non-QI Expert Designation | 140 days after Stage II discovery begins |
| Non-QI Dispositive Motions | 30 days after Stage II discovery complete |
| Trial Date | 90 days after Non-QI Dispositive Motion(s) ruled on |
| Mediation | No later than 60 days before trial |

## MOTIONS TO DISMISS

Upon review of Defendant Officers' motions to dismiss and applicable law, the Court finds that the Motion for Reconsideration as to the motions to dismiss would be **DENIED.** Plaintiffs have pleaded sufficient facts to overcome Defendant Officers'

qualified immunity defenses at the motion to dismiss stage of this proceeding so the Court would still deny Defendant Officers' motions to dismiss.

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). To satisfy that burden on a motion to dismiss, plaintiffs must claim that a defendant violated their constitutional rights and that the violation was objectively unreasonable. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). When addressing a motion to dismiss, the courts scrutinize the conduct of the defendants as alleged in the complaint for objective legal reasonableness. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). The Supreme Court has "mandated a two-step sequence for resolving government officials' qualified immunity claims." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). We must determine (1) "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* In the excessive force context, a constitutional violation is clearly established if no reasonable officer could believe the act was lawful. *See Manis v. Lawson*, 585 F.3d 839, 846 (5th Cir. 2009).

Plaintiffs have sufficiently pled facts overcoming Defendants' Jefferson and Guadarrama's motions to dismiss. Specifically, Plaintiffs have pled that Defendant Officers violated Gabriel Olivas's Fourth Amendment protection against the use of excessive force by Tazing him while he was covered with gasoline. *See* Pls.' First Am. Compl. at 7, 44, ECF No. 19. Further, Plaintiffs pled that these actions were "objectively

3

unreasonable in light of clearly established law at the time of the relevant incident," citing caselaw to support this statement in the response to Defendant Officers motions to dismiss. *See id*, *see also* Pls.' Resp. to MTDs at 19–24, ECF No. 29.

Because Plaintiffs have sufficiently pled to overcome Defendant Officers' qualified immunity defense, the Court would still deny Defendant Officers' motions to dismiss and therefore would deny Defendant Officers' Motion to Reconsider.

## CONCLUSION

For the reasons above, the Court would **GRANT** Defendant Officers' Motion for Reconsideration as to the scheduling order and the Court would **DENY** Defendant Officers' Motion for Reconsideration as to the motions to dismiss.

**SO ORDERED** on this **2nd day** of **March, 2020.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE