IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SELINA MARIE RAMIREZ, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00007-P |
| | § | |
| CITY OF ARLINGTON, et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER DISMISSING CASE

On July 10, 2017, Arlington police officers Guadarrama and Jefferson responded to a 911 call about a possible suicide, entered Plaintiffs' house and found Gabriel Eduardo Olivas doused in gasoline and threatening to kill himself, and quickly realized that if they "tase[d] him, he is going to light on fire." *Ramirez v. Guadarrama*, 844 F. App'x 710, 712 (5th Cir. 2021). Then, those officers tased Olivas, "causing him to burst into flames." *Id.* The housed burned to the ground and Olivas died. *Id.*

Olivas's wife and son sued Officer Guadarrama, Sergeant Jefferson, and the City of Arlington for violating Olivas's right to be free of excessive force. ECF No. 1. The officers responded by moving to dismiss the case against them because the qualified-immunity doctrine immunized them from suit. ECF No. 21. The Court found that "more factual evidence [was] needed to make a determination" and denied the motion. ECF No. 40. The officers appealed, and on February 8, 2021, the United States Court of Appeals for the Fifth Circuit reversed this Court's order, finding that "the force used—firing tasers—was not unreasonable or excessive, and consequently [it held] that the officers did not violate the

Fourth Amendment and are thus entitled to qualified immunity." *Ramirez*, 844 F. App'x at 177. On July 15, the Fifth Circuit ordered the Court to enter orders in accordance with its opinion. ECF No. 60. Accordingly, Plaintiffs' claims against defendants Jeremias Guadarrama and Ebony N. Jefferson are **DISMISSED with prejudice**.

The remaining claims against the City of Arlington must also be dismissed. A municipality, like the City of Arlington, "cannot be held liable when its employee[s] did not violate the Constitution." *Crane v. City of Arlington*, -- F. Supp. 3d --, 2021 WL 2557621, at *4 (N.D. Tex. June 8, 2021) (Pittman, J.) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Since the Fifth Circuit has held that neither Guadarrama nor Jefferson violated Olivas's rights, the City cannot be liable. Accordingly, Plaintiffs' claims against the City of Arlington are **DISMISSED with prejudice**.

**SO ORDERED** on this **26th day** of **July, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE